UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT JOSEPH FEWLESS, | |
| Plaintiff, | Case No. 1:05-cv-670 |
| v. | Honorable Gordon J. Quist |
| CITY OF GRANDVILLE et al., | |
| Defendants. | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

I.   Factual Allegations

Plaintiff is currently incarcerated in the Muskegon Correctional Facility but complains of events that occurred while he was incarcerated in Ottawa County Jail. He sues the City of

Grandville, Detectives William Howland and Wendy Evanov of the Grandville Police Department, Kent County and Kent County Prosecutor William Forsyth for breach of contract and "mental anguish."

While incarcerated in Ottawa County Jail in March 2004, a prisoner bragged to Plaintiff about an armed robbery that he committed along with an accomplice. On the advice of his court-appointed attorney, Plaintiff met with Detectives Howland and Evanov, wrote a statement about the confession, participated in a taped telephone call to one of the suspects, and agreed to testify for the prosecution. In exchange for Plaintiff's cooperation, the Detectives allegedly promised that the Kent County Prosecutor would recommend one year in county jail and one year of alcohol treatment for Plaintiff's sentence. As a result, Plaintiff did not explore any other sentencing options. When the Kent County Prosecutor failed to bring charges against the armed robbery suspects, the Detectives never fulfilled their promise. Plaintiff therefore filed this breach of contract claim.

Plaintiff also asserts a claim against Defendants for mental anguish because he is now known to the armed robbery suspects as a "snitch." Plaintiff argues that Defendants endangered his life, the life of his ex-wife, and his children's lives. For relief, Plaintiff requests monetary damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not allege a violation of his rights under the United States Constitution. Plaintiff only argues state law claims of breach of contract and mental anguish. Section 1983 does not provide redress for violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Even if Plaintiff's reference to "mental anguish" is deemed to be some sort of claim for negligent or intentional infliction of emotional distress, it would still only be a state law claim.

This action will be dismissed without prejudice for failure to state a claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a federal claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  October 28, 2005                             /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE